IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DARRELL RICHARD CUPP                                                                    PLAINTIFF

v.                                      Case No. 2:14-cv-02016

DANE F. JOHNS; and HUMANA INSURANCE COMPANY                          DEFENDANTS

**OPINION AND ORDER**

Currently before the Court is Defendant Humana Insurance Company's ("Humana") motion to dismiss (Doc. 8) and brief in support (Doc. 9). No response has been filed by Plaintiff Darrell Richard Cupp, and the response period has passed.

Humana argues that this case should be dismissed for lack of jurisdiction, as Cupp has failed to exhaust his administrative remedies as required by the Medicare Program, Title XVIII of the Social Security Act ("Medicare Act"), 42 U.S.C. § 1395, *et seq*. Alternatively, Humana argues that the case should be dismissed for failure to state a claim, as the Arkansas state law pursuant to which Cupp brings his claims is pre-empted by federal Medicare law. The Court finds that the case should be dismissed as to Humana for failure to follow the administrative review procedure required by the Medicare Act. The Court therefore declines to consider any alternate basis for dismissal on the merits.

I.      Background

On August 22, 2007, Cupp was injured in an automobile accident caused by separate Defendant Dane F. Johns. Cupp was insured by Humana for health insurance coverage through a Medicare Advantage ("MA") policy. After the accident, Humana paid approximately $25,000 in medical payments under the policy. Cupp subsequently filed a negligence action against Johns in

-1-

the Circuit Court of Johnson County, Arkansas. On or about September 15, 2010, Cupp received and accepted a settlement of $25,000 on his negligence claim from Johns's automobile liability insurance carrier, State Farm Insurance Company. After learning of the settlement, Humana asserted a subrogation claim against Cupp for the amount it had previously paid for his medical expenses.[1] Cupp then filed an amended complaint in his state-court action against Johns adding Humana as an additional defendant and seeking a declaration, pursuant to Arkansas subrogation law, that Humana has no right to reimbursement from any portion of Plaintiff's settlement. Humana then removed the case to this Court claiming that this Court has subject matter jurisdiction pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). Humana now moves the Court to dismiss this action arguing that the Court lacks jurisdiction to hear Cupp's claims as Cupp has not properly exhausted his administrative remedies as required by the Medicare Act. Humana also argues that, even if Cupp had exhausted his administrative remedies, his case should be dismissed as the Arkansas subrogation law cited to by Cupp is pre-empted by the Medicare Act.

**II.   Discussion**

MA plans, such as the one Cupp had with Humana, are also called Medicare Part C plans or Medicare+Choice plans, and are provided for under the Medicare Act. 42 U.S.C. § 1395w-21(a)(1)(B). The MA program was enacted to be an alternative to Medicare Parts A and B that allows individuals to receive their Medicare benefits from private insurance companies instead of receiving their benefits directly from the federal government. *See id.* (an individual eligible to enroll in Medicare+Choice is entitled to elect to receive benefits either through the original fee-for-service

---

[1] Humana, in its brief, cites to the letter it sent to Cupp asserting the subrogation, or reimbursement, claim. It does not appear, however, that the letter has been made a part of the record in this case.

program under Medicare Parts A and B or through an MA plan). Under MA plans, private insurance companies contract with the federal government to administer the plans. 42 U.S.C. § 1395w-27. Persons who elect to enroll in an MA plan must be provided with the same benefits available to those individuals enrolled in Medicare Parts A or B. 42 U.S.C. § 1395w-22(a)(1).

In 1980, Congress passed legislation that made Medicare the secondary payer to certain primary plans in an effort to shift costs from Medicare to the appropriate private sources of payment. The Medicare Secondary Payer ("MSP") provisions of the Medicare Act provide that, as a secondary payer, an MA provider may not generally make a payment where "payment has been made or can reasonably expected to be made . . . under an automobile or liability insurance policy or plan (including a self-insured plan) or under no fault insurance." 42 U.S.C. § 1395y(b)(2)(A). "Medicare benefits are secondary to benefits payable by a primary payer even if State law or the primary payer states that its benefits are secondary to Medicare benefits or otherwise limits its payments to Medicare beneficiaries." 42 C.F.R. § 411.32(a)(1). The MSP provisions do, however, allow the Secretary, and by extension MA providers under contract with the federal government, to make conditional payments "with respect to an item or service if a primary plan . . . has not made or cannot reasonably be expected to make payment with respect to such item or service promptly (as determined in accordance with regulations)," with any such payment being conditioned on reimbursement to the Medicare secondary payer. 42 U.S.C. § 1395y(b)(2)(B)(i); *accord* 42 U.S.C. § 1395w-22(a)(4) (making MSP provisions applicable to Medicare+Choice organizations) *and* 42 C.F.R. § 422.108(f) ("The MA organization will exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations . . . ."). Reimbursement to the Medicare secondary payer is required "if it is demonstrated that [the] primary

plan has or had a responsibility to make payment with respect to such item or service. A primary plan's responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release . . . or by other means." 42 U.S.C. § 1395y(b)(2)(B)(ii). If a Medicare enrollee receives from an MA provider covered services that are also covered by a primary payer, the MA provider may charge an individual, in accordance with the MSP provisions, "to the extent that the individual has been paid under such law, plan, or policy" by the primary payer. 42 U.S.C. § 1395w-22(a)(4)(B); *see also* 42 C.F.R. § 422.108(d)(2) (an MA provider may bill a Medicare enrollee under the MSP provisions "to the extent that he or she has been paid by [a] carrier, employer, or entity for covered medical expenses").

The Court finds that Humana was acting according to the provisions of the Medicare Act, as an MA provider as contemplated by that Act, when it demanded payment from Cupp pursuant to the MSP provisions and corresponding regulations. Cupp received payment from a primary payer—Johns's automobile liability insurance carrier—and Humana subsequently sought reimbursement of the conditional payment it made as the secondary payer under the MSP provisions. The appropriate remedy for Cupp to challenge Humana's demand is for Cupp to go through the administrative review and appeals process required by the Medicare Act. 42 U.S.C. § 1395w-22(g) (cross-referencing provisions of 42 U.S.C. § 405); *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1 (2000) (cross-reference to 42 U.S.C. § 405 in Medicare provision made special review procedure created by the Medicare statutes mandatory before a district court could exercise jurisdiction over the claims arising under the Medicare Act).

The Court finds that Cupp's claim that Humana is wrongfully demanding reimbursement of its conditional payment arises under the provisions of the Medicare Act and is a claim that requires

a determination regarding what amount Cupp—as an MA enrollee—is required to pay with respect to the services he received.  His claim falls within the ambit of those claims required to first be presented through the Medicare review and appeals process.  If, after going through that process, Cupp receives a determination that he believes is erroneous or unsatisfactory, he may then adjudicate his claim through the courts.  At that point, the court would have the substantial benefit of a complete administrative record for review.  Furthermore, any Arkansas law regarding subrogation cannot limit Humana's ability to seek reimbursement of a conditional payment under the Medicare Act and corresponding regulations.  *See, e.g.*, 42 C.F.R. § 422.108(f) ("A State cannot take away an MA organization's right under Federal law and the MSP regulations to bill . . . for services for which Medicare is not the primary payer.").

### III.  Conclusion

For all the reasons set forth above, IT IS ORDERED that Humana's motion to dismiss (Doc. 8) is GRANTED, and Plaintiff's claim against Defendant Humana Insurance Company is DISMISSED WITHOUT PREJUDICE.

To the extent that any claims may remain pending against Defendant Dane F. Johns, this case is to be REMANDED to the Circuit Court of Johnson County, Arkansas for resolution of those claims.

IT IS SO ORDERED this 10th day of March, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE